Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
PABLO LOPEZ SANTIAGO and ANGEL CACERES,

                              Plaintiff,                          JURY TRIAL
                                                                 DEMANDED

        -against-

PESCE PASTA QUATTRO INC., and JAMES MARCHIGNOLI
and CHRISTOPHER MARCHIGNOLI, as individuals,

                              Defendants.
--------------------------------------------------------------------X

1. Plaintiffs, **PABLO LOPEZ SANTIAGO and ANGEL CACERES,** (hereinafter referred to as "Plaintiffs"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, **PABLO LOPEZ SANTIAGO and ANGEL CACERES,** through undersigned counsel, bring this action against **PESCE PASTA QUATTRO INC., and JAMES MARCHIGNOLI and CHRISTOPHER MARCHIGNOLI, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at PESCE PASTA QUATTRO INC, located at 625 Columbus Avenue, New York, New York 10024.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff PABLO LOPEZ SANTIAGO residing at 2528 University Avenue, Bronx, New York 10463, was employed by Defendants from in or around August 2014 until in or around December 2015.

9. Plaintiff ANGEL CACERES residing at 295 Fort Washington Avenue, New York, New York 10032, was employed by Defendants from in or around 2001 until in or around October 2016.

10. Upon information and belief, Defendant, PESCE PASTA QUATTRO INC., is a corporation organized under the laws of New York with a principal executive office 625 Columbus Avenue, New York, New York 10024.

11. Upon information and belief, Defendant, PESCE PASTA QUATTRO INC., is a corporation authorized to do business under the laws of New York.

12. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI owns and/or operates PESCE PASTA QUATTRO INC.

13. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI is the Chairman of the Board of PESCE PASTA QUATTRO INC.

14. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI is the Chief Executive Officer of PESCE PASTA QUATTRO INC.

15. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI is an agent of PESCE PASTA QUATTRO INC.

16. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI has power over personnel decisions at PESCE PASTA QUATTRO INC.

17. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI has power over payroll decisions at PESCE PASTA QUATTRO INC.

18. Defendant CHRISTOPHER MARCHIGNOLI has the power to hire and fire employees at PESCE PASTA QUATTRO INC. establish and pay their wages, set their work schedule, and maintains their employment records.

19. During all relevant times herein, Defendant CHRISTOPHER MARCHIGNOLI was Plaintiffs' employer within the meaning of the FLSA and NYLL.

20. Upon information and belief, Defendant JAMES MARCHIGNOLI owns and/or operates PESCE PASTA QUATTRO INC.

21. Upon information and belief, Defendant JAMES MARCHIGNOLI is the Chairman of the Board of PESCE PASTA QUATTRO INC.

22. Upon information and belief, Defendant JAMES MARCHIGNOLI is the Chief Executive Officer of PESCE PASTA QUATTRO INC.

23. Upon information and belief, Defendant JAMES MARCHIGNOLI is an agent of PESCE PASTA QUATTRO INC.

24. Upon information and belief, Defendant JAMES MARCHIGNOLI has power over personnel decisions at PESCE PASTA QUATTRO INC.

25. Upon information and belief, Defendant JAMES MARCHIGNOLI has power over payroll decisions at PESCE PASTA QUATTRO INC.

26. Defendant JAMES MARCHIGNOLI has the power to hire and fire employees at PESCE PASTA QUATTRO INC., establish and pay their wages, set their work schedule, and maintains their employment records.

27. During all relevant times herein, Defendant JAMES MARCHIGNOLI was Plaintiffs' employer within the meaning of the FLSA and NYLL.

28. On information and belief, PESCE PASTA QUATTRO INC. has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees

engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

29. Plaintiff PABLO LOPEZ SANTIAGO was employed by Defendants from in or around August 2014 until in or around December 2015.

30. During Plaintiff PABLO LOPEZ SANTIAGO'S employment by Defendants, Plaintiff's primary duties were as a dishwasher, kitchen worker, and delivery person, and performing other miscellaneous duties from in or around August 2014 until in or around December 2015.

31. Plaintiff PABLO LOPEZ SANTIAGO was paid by Defendants approximately $8.75 per hour from in or around August 2014 until in or around December 2015.

32. Plaintiff PABLO LOPEZ SANTIAGO worked approximately seventy-two (72) hours per week during his employment with Defendants from in or around August 2014 until in or around December 2015.

33. Although Plaintiff PABLO LOPEZ SANTIAGO worked approximately seventy-two (72) hours or more per week from in or around August 2014 until in or around December 2015, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Plaintiff PABLO LOPEZ SANTIAGO worked approximately forty (40) hours on a time clock and was instructed by Defendants to punch out and work his overtime hours off the time clock.

35. Plaintiff ANGEL CACERES was employed by Defendants from in or around 2001 until in or around October 2016.

36. During Plaintiff ANGEL CACERES'S employment by Defendants at PESCE PASTA QUATTRO INC., Plaintiff's primary duties were as a cook, food preparer and kitchen worker and performing other miscellaneous duties from in or around 2001 until in or around October 2016.

37. Plaintiff ANGEL CACERES was paid by Defendants approximately $570.00 per week from in or around 2012 until in or around October 2016.

38. Plaintiff ANGEL CACERES worked approximately sixty (60) hours per week from in or around 2012 until in or around October 2016.

39. Although Plaintiff ANGEL CACERES worked approximately sixty (60) hours or more per week from in or around 2012 until in or around October 2016, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

40. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

41. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

42. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

43. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

44. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

45. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

46. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

47. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

48. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

49. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

50. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

51. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

52. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

53. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

54. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

55. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

56. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

57. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

58. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

59. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 12th day of November 2018.

7

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO LOPEZ SANTIAGO and ANGEL CACERES,

                                Plaintiff,

        -against-

PESCE PASTA QUATTRO INC., and JAMES MARCHIGNOLI and CHRISTOPHER MARCHIGNOLI, as individuals,

                                Defendants.

## COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**TRATTORIA PESCE PASTA QUATTRO INC.**
**313 WEST 46TH STREET**
**NEW YORK, NEW YORK 10036**

**JAMES MARCHIGNOLI**
**313 WEST 46TH STREET**
**NEW YORK, NEW YORK 10036**

**CHRISTOPHER MARCHIGNOLI**
**313 WEST 46TH STREET**
**NEW YORK, NEW YORK 10036**